**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHERINE GARGES,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| **v.** | : | |
| | : | |
| **The PEOPLE'S LIGHT &** | : | |
| **THEATER, Co.,** *et al.,* | : | |
| *Defendants.* | : | **No. 09-2456** |

**M E M O R A N D U M**

PRATTER, J.                                                                                   JANUARY 24, 2012

**INTRODUCTION**

*Pro se* Plaintiff Katherine Garges has sued her former employer, the People's Light &

Theater Company ("the Theater"), alleging primarily that the Theater discriminated and retaliated

against her in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human

Relations Act ("PHRA").  After succeeding on a partial motion to dismiss, Defendants now ask

the Court to dismiss Ms. Garges's entire action or to strike Ms. Garges's Second Amended

Complaint in its entirety because she has included in it redundant, immaterial, and/or impertinent

matters.  For the reasons set forth below, the Court will grant Defendants' motion in part and

deny it in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court set forth Ms. Garges's factual allegations in detail in its opinion on

Defendants' Motion to Dismiss.  *See Garges v. People's Light & Theater Co.*, Civil Action No.

09-2456, 2010 WL 4273335 (E.D. Pa. Oct. 29, 2010).  Therefore, the Court will only briefly

restate the facts of the case.

From 2002 until 2007, Ms. Garges, who is a lawyer (though not actively practicing)

worked as a sales representative at the People's Light and Theater Company.  In her Second

Amended Complaint, as in her original Complaint, Ms. Garges describes the workplace there as

"raucous" and "freewheeling."  Despite this bohemian atmosphere, Ms. Garges alleges that she

was fired and assaulted after a verbal altercation with her supervisor, during which she, that is,

Ms. Garges, admittedly used coarse language.  She claims, however, that the stated reason for her

firing – namely, insubordination – was "fabricated," and that she was in fact fired for legally

impermissible reasons related to her gender and in retaliation for various complaints that she had

previously lodged against co-workers.

In her initial Complaint, in addition to employment discrimination claims, Ms. Garges

also brought claims for assault and battery; breach of contract; negligence in hiring and

supervision; defamation; and intentional infliction of emotional distress.   The Defendants

successfully moved to dismiss four of Ms. Garges' tort claims against the Theater on the ground

that they are barred by the exclusivity provision of the Pennsylvania Workers' Compensation

Act.  They also sought dismissal of Ms. Garges's intentional infliction of emotional distress

claim against all Defendants on the ground that Ms. Garges failed to plead facts upon which

relief could be granted, and the Court also granted their motion as to that claim.  Ms. Garges

voluntarily withdrew several of her other claims to the extent that she attempted to allege

violations of the Pennsylvania Equal Rights Amendment.  Accordingly, the Court dismissed

those claims (or portions of them) as well.

After the Defendants answered what remained of the Complaint, and the Court set forth a

schedule for the case, the parties proposed and the Court endorsed a stipulation allowing the

parties until October 1, 2011 to amend their pleadings or add parties.  On September 28, 2011,

Ms. Garges filed what she called a First Amended Complaint, presented in the form of an

addendum, which required the parties and the Court to refer back laboriously to the original Complaint to determine how Ms. Garges intended to amend that document.  The Defendants filed a motion to strike, arguing that the First Amended Complaint stated no new claims, added only immaterial and impertinent matters to an already lengthy Complaint, and served only to confuse the Defendants with its inconvenient format.  The Court granted the Defendants' motion, agreeing that the format was confusing and burdensome, but allowed Ms. Garges to refile an amended complaint as a single integrated document.  She did so, including therein all of the claims she originally set forth, including those previously dismissed by the Court, and incorporating the new allegations set forth in the First Amended Complaint.

Defendants' have now moved to dismiss or strike her Second Amended Complaint.

## LEGAL STANDARDS

Under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent or scandalous matter which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting *Bristol-Myers Squibb Co. v. Ivax Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000)).  However, motions to strike are generally viewed with disfavor by the courts and "are often not granted if there is an absence of showing of prejudice to the moving party."  *Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993).  Striking a pleading is a "drastic remedy" appropriate only when the grounds for striking are "readily apparent from the face of the pleadings."  *Johnson v.*

3

*Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (internal citations omitted).

To prevail, the moving party must demonstrate that "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or [that] the allegations confuse the issues." *River Road Development Corp. v. Carlson Corporation-Northeast*, No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990) (citing 5C C. Wright & A. Miller, Federal Practice and Procedure, § 1382, at 809-10, 815 (1969)).  A court may also strike "redundant, immaterial, impertinent, or scandalous" matters on its own.  Fed. R. Civ. P. 12(f)(1).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (alteration in original) (quoting *Conley*, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (2011).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296

(2011) (citation omitted).  An assessment of the sufficiency of a complaint is thus "a

context-dependent exercise" because "[s]ome claims require more factual explication than others

to state a plausible claim for relief."  *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d

85 (3d Cir. 2010) (citations omitted).

      In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized

parameters.  For one, the Court "must only consider those facts alleged in the complaint and

accept all of those allegations as true."  *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.

1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at

555 (stating that courts must assume that "all the allegations in the complaint are true (even if

doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must

consider only the complaint, exhibits attached to the complaint, matters of public record, as well

as undisputedly authentic documents if the complainant's claims are based upon these

documents.").  Concomitantly, the Court must also accept as true all reasonable inferences that

may be drawn from the allegations, and view those facts and inferences in the light most

favorable to the non-moving party.  *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989);

*Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).  Nonetheless, the Court

need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc.

v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citing *City of Pittsburgh v.

West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions"

or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997).

## DISCUSSION

      The Court will begin by addressing Ms. Garges's opposition to the defense motion to the

extent that she raises arguments which, if successful, would preclude consideration of Defendants' motion entirely.

First, Ms. Garges argues that the Defendants' motion to dismiss or strike her Second Amended Complaint simply replicates arguments already decided by the Court in granting Defendants' motion to strike her First Amended Complaint – a document which she contends is "exactly the same in its legal meaning and consequences" as the Second Amended Complaint.

While it may be true that the Second Amended Complaint duplicates the First in substance, the Court's Order granting Defendants' first motion to strike made clear that the format of Ms. Garges's First Amended Complaint was "likely to create confusion and delay and to unduly burden both the Court and the Defendants." *See* Nov. 4, 2011 Order (Docket No. 37). Because the very nature of that First Amended Complaint made it more difficult for both the Defendants and the Court to evaluate the "legal meaning and consequences" of the First Amended Complaint, the Court did not even reach the substance of the Defendants' earlier motion. Thus, the Court will consider that substance now that it has before it an integrated document to facilitate the process.

Second, Ms. Garges argues that the Defendants' motion to dismiss or strike is a "serial" motion barred by Rule 12(g). Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) allows a party to raise a Rule 12(b)(6) "failure to state a claim" argument in any pleading allowed or ordered under Rule 7(a), by motion under Rule 12(c), or at trial. It is clear, then, that Rule 12(h)(2) gives defendants several chances to

raise the issue of a plaintiff's failure to state a claim. The Court will not deny Defendants'

motion to the extent it asserts arguments for dismissal that were not stated in Defendants'

previous motion to strike, as to do so would only delay the inevitable refiling of the same

arguments at a later time. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice &

Procedure § 1388 (3d ed. 2004).

With these two arguments out of the way, the Court turns to the substance of Defendants'

motion. Defendants argue that Ms. Garges's Second Amended Complaint is nothing more than a

tactic designed to cause them to incur undue expense and that she violated the spirit of the

parties' stipulation to allow amended pleadings. They note that she added no new claims or new

parties, and therefore contend that she was required to file a motion seeking leave to file her

Second Amended Complaint.

The Defendants give the Court a list of possible sanctions, ordered by preference and, not

surprisingly, by severity. First, they invoke Rule 11[1] and ask that the Court sanction Ms. Garges

by dismissing the action in its entirety, noting that monetary sanctions in this case would not be

available due to Ms. Garges's *in forma pauperis* status and arguing that her Second Amended

Complaint was filed merely to waste time and cause the Defendants to incur expense. In the

alternative, they ask the Court to strike the Second Amended Complaint, either with prejudice or

without prejudice to amend the complaint in conformance with the Federal Rules of Civil

Procedure. Failing these sanctions, the Defendants incorporate their previous motion to dismiss

---

[1]     The Court observes that both Defendants and Plaintiff repeatedly, and almost casually and as a matter of course, accuse the other side of Rule 11 violations. It is clear that all parties are impassioned and aggressive litigants, but, recalling the lessons attendant to "crying wolf" too often, the Court cautions all concerned that such weighty allegations should not be made lightly or routinely.

by reference and ask the Court to dismiss those claims already disposed of by the Court's previous order.

The Court notes at the outset that the glaring evidence of bad faith on Ms. Garges's part that Defendants' apparently see is actually considerably less clear.  The parties' stipulation extending the time for filing amended pleadings, which the Court signed, did not explicitly limit the reasons for filing an amended pleading.  Moreover, whatever else Ms. Garges added to her complaint, she did attempt to assert new facts in relation to Count 28, which the Court had previously dismissed for failure to plead sufficient facts to state a claim.  Thus, it is not clear to the Court that Ms. Garges's only motives were improper and punitive.  At this time, the Court will take Ms. Garges at her word that she genuinely believed that at least some of her amendments (or lack thereof) were necessary to preserve her rights, to define the scope of discovery, and to attempt to revive a claim dismissed without prejudice.  The Court will not, then, grant the Defendants' requested sanction alternatives of dismissing the action in its entirety or striking the entire Second Amended Complaint.  Rather, the Court will examine the Defendants' specific arguments and decide each on its merits.

### A.     Previously Dismissed Claims

Defendants begin by objecting to Ms. Garges's inclusion of claims which she has acknowledged are legally flawed or have been previously dismissed by this Court, without material changes to those counts.  Clearly, the dismissed claims that Ms. Garges has not altered do not make their way back into the case simply because Ms. Garges has included them in her Second Amended Complaint.  Indeed, she acknowledges as much by stating at the outset that "for clarity and in order to preserve her legal rights, including rights she may have to re-open

claims due to newly-discovered evidence and the right to appeal, plaintiff includes herein claims previously dismissed by the Court." *See* 2d Am. Compl.

Ms. Garges's concerns about waiving legal rights by not including dismissed claims are unfounded.  Should Ms. Garges actually discover new evidence that would somehow revive dismissed claims, the rules permit the filing of a motion to amend her complaint to add those newly discovered facts; there is no need to keep the plainly insufficient claims in her Second Amended Complaint in order to preserve that invocation of the rules, if justified.  Therefore, inasmuch as Defendants' motion asks the Court to dismiss and to strike Counts 16, 22, 23, and 24 in their entirety, Count 21 as to Defendant People's Light and Theater Company, and the portions of Counts 2, 4, 6, 8, 10, 12 and 14 that reference the Pennsylvania Equal Rights Amendment, the Court will grant Defendants' motion.

As to the intentional infliction of emotional distress claim (Count 28), the Court previously dismissed that claim because the facts alleged by Ms. Garges did not rise to the level of outrageous, life-or-death conduct required to state such a claim in the employment context. *See Garges*, 2010 WL 4273335, at *4-5.  Now Ms. Garges adds to that claim the allegation that:

> [O]ne or more of defendants, individually or concertedly [sic], planned weeks or months in advance the termination of plaintiff's employment and the destruction of her life, legal career and entrepreneurial law practice, reputation and financial resources, and in furtherance of such plan and to repair the failed set-up of plaintiff (which was, on information and belief, to induce plaintiff to extreme behavior or violence on the evening of July 5, 2007), engaged in the defamation set forth in Claim 27.  In addition, or in the alternative, defendants' defamation and other wrongful actions were for the intended purposes of depriving plaintiff of the resources to pursue justice and/or driving plaintiff to suicide so that defendants would not have to pay for their illegal and wrongful actions.

2d Am. Compl., ¶ 221A.  To Count 27, the defamation claim to which she refers in her emotional distress claim, she adds her previous allegations (i.e., that Defendants told others that she was

homosexual, crazy, and crass) allegations that Defendants defamed her by telling others, including her relatives, that she was suicidal and mentally ill in an attempt to destroy her life and career and to remove her "moral and financial support."  *See id.*, ¶¶ 215-16.

Defendants argue that Ms. Garges's additions merely elaborate on the Defendants' alleged state of mind.  They point to *Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998), to support their argument that malicious intent is not sufficient to sustain a claim of intentional infliction of emotional distress, but that the conduct itself must be extreme and outrageous.  Ms. Garges attempts to get around this by claiming that her newly-pleaded facts deal with "matters of life and death."

While it could certainly be reprehensible to harass an employee and spread lies about her with a specific intent to do her harm, Defendants are correct that Ms. Garges has still fallen short of pleading the type of outrageous *conduct* required to state this type of claim.  The bulk of her newly pleaded facts deal directly with the Defendants' motivations.  Certainly the new allegations concerning Defendants' motivations are more shocking and repugnant than those pleaded in her initial Complaint, but the actual conduct pleaded is essentially the same conduct the Court found insufficient in its previous opinion.  Therefore, the Court will grant Defendants' motion as to Count 28.

**B.     Immaterial or Impertinent Matters**

Defendants also contend that the Second Amended Complaint contains immaterial and impertinent allegations, noting that revisions were made to claims that the Defendants had not challenged for legal sufficiency.  They point to specific examples of these added facts:  that People's Light hired employees after Ms. Garges's termination (2d Am. Compl., ¶ 52), that

People's Light "did not call defendant Clemens' parents when he threw an extended temper

tantrum" (*id.*, ¶ 19),  that Ms. Garges "has not received the complete discovery she has requested

from defendant the Theatre,"[2] and that Defendants' counsel told the Court that Ms. Garges was

suicidal (*id.*, ¶ 215).[3]

　　　　With respect to the first two additional allegations, while not strictly necessary to Ms.

Garges's claims, they are not clearly unrelated to any of the claims in this case.  Whether or not

these allegations are technically impertinent or immaterial, beyond the general cost of responding

to a new pleading, Defendants have not shown that responding to these new allegations will visit

any distinct prejudice on them.  Therefore, Defendants' motion is denied as to the complained-of

portions of paragraphs 19 and 52.

　　　　As to the latter two additions, the Court will grant Defendants' motion to strike.  The

Defendants are correct that Ms. Garges's commentary on discovery is immaterial to her claims

and is more properly raised with the opposing parties outside of the pleadings or in a motion to

compel, as Ms. Garges has now done.  Indeed, if discovery squabbles and delays were material or

pertinent to a plaintiff's claims, then the number of plaintiffs rushing to amend their complaints

to add such facts would quickly overwhelm the courts.  Having to respond in a responsive

---

[2]　　　　The precise language quoted by Defendants appears in proposed amendment to paragraph 150 contained in Ms. Garges's First Amended Complaint; in her Second Amended Complaint, she changed the language to "(Plaintiff expects to obtain her signed contracts and/or additional information about the whereabouts or disposition of such documents when defendants completely respond to plaintiff's discovery requests.)."  *See* 2d Am. Compl., ¶ 150.  While this new language is certainly less provocative, it still centers on discovery issues.

[3]　　　　To the extent that Defendants offer these merely as examples and ask the Court to strike the entire Second Amended Complaint, the Court will not, on its own, undertake the burden of engaging in a paragraph by paragraph search for immaterial, impertinent, or scandalous matters, but rather will consider only those specific issues explicitly identified by Defendants.

pleading to discovery issues, which may involve rapidly evolving issues and negotiations, would certainly unduly prejudice and burden the Defendants, and the Court will accordingly strike that portion of paragraph 150.

The Defendants also take issue with Ms. Garges's allegation that "defendants, through their legal counsel, expressed the false idea that plaintiff was, or could be, suicidal, to the Court of record in the first sentence of counsel's opening statement at oral argument on defendants' partial motion to dismiss in February 2010." *See id.*, ¶ 215. At one point during the argument, though by no means in his first sentence, counsel for defendants did state, ". . . I think she's going to kill herself on vicarious liability," in describing how he believed Ms. Garges's *claims* failed to state a cause of action. *See* Feb. 10, 2010 Tr. at 9:18-19. It was clear from the context that counsel was not in any way referring to or suggesting anything about Ms. Garges's mental state, but was rather indulging in a rhetorical, perhaps hyperbolic, flourish, in an attempt to underscore the strength of Defendants' legal position. Thus, it appears that Ms. Garges's allegation is based not on fact, but on a misunderstanding. As the allegation is demonstrably false, then, the Court will order that sentence stricken from paragraph 215 of the Second Amended Complaint.

CONCLUSION

For the foregoing reasons, Defendants' Motion is granted in part and denied in part.  An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE